The District Court, in this case, erred in two respects. First, in concluding that a finding of gross negligence in Texas does not satisfy the bodily injury by accident language that's contained in the employer's liability coverage. The second error was in concluding that any conduct that would meet the willfulness standard under New Mexico law is mutually exclusive of the accident standard in their liberty policy, that they are mutually exclusive. The proof in the underlying lawsuit that Dixie's conduct was reasonably expected to kill Hilbert, which is the first element of a Delgado cause of action in New Mexico, is not mutually exclusive of accident, as that word is used in the employer's liability coverage in the liberty policy interpreted under Texas law. If I could talk first about the Fairfield case. The Fairfield case, even though it answered a certified question from the Fifth Circuit regarding public policy regarding insurability of exemplary damages, premised that discussion of the public policy of Texas on a pretty detailed analysis about how the employer's liability coverage came into effect in the first place, that it was a statutory scheme adopted by the Texas legislature when it passed the Texas Workers' Compensation Act, that there were regulatory actions taken by the Texas Department of Insurance that in part created the form of policy that ended up being the liberty policy, the purpose of which was to enable the legislative action represented by that Texas Workers' Compensation Act to come into being. And in that policy and in that statute, there are only two exceptions to the exclusivity provision in the Workers' Compensation Act that would give rise to the employer's liability coverage, a form approved by the Texas Department of Insurance, intentional misconduct by the employer or grossly negligent conduct by the employer, and an exception created for punitive damages arising out of gross negligence by an employer. In this particular case, the, in this particular case, the Texas Department of Insurance, I'm sorry, the policy itself accepted the intentional act portion of the exclusivity exception, and that there was an intentional act exclusion in the policy. However, there was not an exclusion for gross negligence. What's the best case, Texas case, involving gross negligence that involved an intentional act? There, I can't give you a specific case. Do any of the cases that you cite in pages 27 to 29 of your brief involve an intentional act? I'd have to see the brief, but I can tell you that our position is that the evidence, the uncontroverted evidence from the underlying lawsuit is that the conduct of Dixie met the first element of Delgado, which is that it was conduct that you could reasonably expect Mr. Hilburn to be injured, but that the second element, which distinguishes it from intentional conduct, which distinguishes it from the original intentional act exception under New Mexico law, is that the conduct of the insurer, of the employer, Dixie, was in disregard of the rights or ignoring the rights of Mr. Hilburn. When you add that second element, which is present in the gross negligence statute in Texas, but also is the second element in Delgado, then you're no longer talking about intentional conduct. You're talking about willful conduct, and willful conduct, as with gross negligence in Texas, has two components. One is an objective standard, which again, we don't disagree that the record supports a finding on the objective standard as stated in Delgado, but it also requires a second subjective standard to be met, and in this particular case, our position is that second standard, whether it's gross negligence in Texas or the Delgado standard in New Mexico, is conduct that is not intentional, that it meets or falls within the definition of accident, as that word is used in the employer's liability policy, as opposed to the many other policies that are mentioned in cases that are mentioned by— What's the best case you've got that stands for the proposition that accident means something different in the employer's liability context from in the others that you just talked about? The Fairfield case. The Fairfield case, the beginning of the Fairfield case is an analysis of the legislative history of the Comp Act, and how that employer's liability coverage came into effect, and— Does it define the word accident at all in Fairfield? It doesn't, but in—well, let me read what the Supreme Court says, and then I'll answer your question. The Supreme Court concludes that part of its opinion. The statutory scheme and TDI's execution of the scheme reveal an intent to provide additional insurance coverage under the employer's liability coverage for an employer's gross negligence. Under TDI's policy, a participating employer would have coverage for workers' compensation claims under Part 1 of the policy, and claims based on gross negligence, which is Part 2 of the policy. And so they made that specific finding implicit in such a finding that there was coverage provided for gross negligence under the employer's liability coverage. Implicit in that has to be a finding that gross negligence is not inconsistent with the definition of gross negligence. If it did not include the conduct that is gross negligence under the gross negligence statute in Texas, it couldn't have reached the conclusion it reached. And then, more importantly, even though this was a question from the Fifth Circuit certified to the Supreme Court, that finding, that conclusion that I just read, is the foundation upon which the further analysis necessary to answer the Fifth Circuit's question was reached. So it may not have been the question posed by the Fifth Circuit, but the Court's analysis in the beginning of that opinion about the legislative scheme, about the TDI's role in that, about this being a policy that's a creature of regulation by the Texas Department of Insurance to meet legislative needs, and then the ultimate conclusion that the employer's liability coverage covers an employer for gross negligence, speaks to the definition of active debt, as it appears in the employer's liability policy. Tease out for me what—how gross negligence relates to willful conduct. Sure. This is a unique situation in which an accident happens in New Mexico. The wrongful death claim that's a subject of this insurance dispute is governed by New Mexico law. And there was only one way that there was an exception to the exclusivity provision in New Mexico for wrongful death claims, and that was if there was an actual intent to harm the plaintiff. And the Supreme Court in Delgado said that that's not a fair reading of the statute because it creates a disparate relationship between an employee with a beef against the company and a company with a beef against the employee. So they created this second standard called the willfulness standard. And the willfulness standard has two components. It has an objective standard, what would a reasonable person expect by their conduct, and number two, and more importantly in our case, what was the subjective knowledge of the person that you're accusing of the misconduct. Well, over in Texas, we have the insurance policy that's going to interpret that New Mexico will have coverage afforded under this Texas policy for Dixie Electric for that lawsuit filed against it in New Mexico, applying that willfulness standard. And so what we chose to do is to look carefully at the gross negligence statute, which under Fairfield we believe established that there is coverage for gross negligence under the employer's liability coverage in Texas for a gross negligence case filed in Texas. And we compared that to the elements of this willfulness standard in New Mexico, because our concern is only whether or not that cause of action, as pled by the plaintiff in New Mexico with the elements specifically set out in Delgado, is insurable or covered under the Texas policy. And what we found and what you find in the brief is a side-by-side comparison of the Delgado standard and the gross negligence standard, and they match up almost perfectly. Well, but I'm not, frankly, all that knowledgeable about Texas law on this subject. And so what you're saying is that you can have willful conduct and still have that qualify as gross negligence? Have it be insurable under the employer's liability coverage in Texas. For gross negligence. Because it's the equivalent of gross negligence. We know the Texas policy covers conduct under the employer's liability coverage. What's your case for that? I mean, and it would have to be a Texas case. No, it's a case of first impression. I mean, we're dealing with a cause of action created in New Mexico and trying to see whether or not that cause of action fits within the coverage afforded under a Texas insurance policy. So what you're saying, then, is that in order to vote with you, we would have to say that the gross negligence provision in this policy will, that willful conduct will nevertheless qualify as gross negligence? I think what the court would have to find is that the willfulness standard has the same elements as the Texas gross negligence statute, which we know provides coverage under the Texas policy. So implicit in that, if the conduct under the willfulness standard is identical to the conduct required for a gross negligence finding, then the gross negligence finding is, in fact, covered by that employer's law. Okay. Now, tell me, then, what the criteria are under Texas law, insurance law, for gross negligence. Sure. What's your, what's your hornbook statement of that? I hate to ask for that at the Fifth Circuit level, but. Sure. The gross negligence objective standard is an act or omission which, when viewed objectively from the standpoint of the actor at the time of the occurrence, involves an extreme degree of risk, considering the probability and magnitude of potential harm to others. And you contrast that with the Delgado element, which says the employee engages in an intentional act or omission that is reasonably expected, the objective standard, to result in the injury suffered by the worker. And then you look at the second element of gross negligence, which says an act or omission which the actor has subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the safety of others. And the Delgado second element says the employee has utterly disregarded the consequences of the intentional act or omission. So if you establish those two elements in Texas for a gross negligence lawsuit, under the employer's liability coverage, and we think that a court looking at the Wilfmanist standard in Delgado and seeing that the elements are identical, or virtually identical, will conclude that coverage is afforded under this Texas employer's liability policy for Dixie for a liability created by virtue of allegations in a New Mexico lawsuit that the Delgado rule was violated. And then the second point of error that I'd like to talk about, or mistake that we think was made by the district court, is his conclusion that a finding of violation of the Wilfmanist standard is mutually exclusive of accident. That's the language that the trial court used in his memorandum opinion. So what's the error in that? I mean, you've got 30 seconds on that. Oh, I'm sorry. The error in that respect is that accident is not defined generically in this particular case because of the discussion of the Fairfield opinion. Accident is broad enough to include gross negligence. And we believe that because accident is broad enough to include gross negligence in Texas, it's likewise broad enough to include a violation of the Wilfmanist cause of action in New Mexico. Did the policy have a choice of law provision? No, it does not have a choice of law provision. In other words, this is a Texas policy. We've agreed Texas law applies to the policy. It was issued in Texas to a Texas insurer. Premiums collected and paid here. I don't think there's any question that construction of the insurance policy is governed by Texas law. And obviously, the cause of action in the lawsuit filed in New Mexico is governed by New Mexico law. And I see my time is up. All right. Thank you, sir. You've reserved a bold time. Ms. Hanna. May it please the Court. Katherine Hanna for Liberty Insurance Corporation. I think the pertinent question here is not whether gross negligence is covered under a Texas employer's liability policy. It's whether an intentional tort is covered under a Texas employer's liability policy. The Texas Supreme Court has said in the Lamar Holmes v. Midcontinent case unequivocally that intentional tort is not covered under—is not an accident under a Texas insurance policy. Essentially, what Dixie does in order to get to coverage is go through an argument that, one, the New Mexico Delgado claim is like gross negligence. Two, Fairfield establishes that gross negligence claims are covered under the employer's liability policy. Therefore, this Delgado claim, which is like gross negligence, must be covered. But the fundamental flaw is that the New Mexico Delgado claim is not like gross negligence in the most important respect, and that is in that first prong, which requires an objective expectation of the specific injury suffered by the employee. And so when Dixie says, when Dixie concedes that it could be reasonably and objectively expected that the conduct of Dixie would result in the death of Mr. Helburn, as it did, that absolutely takes it out of the definition of accident. Texas courts have consistently defined accident as undesigned, unforeseen results. And that's what they look at, is they focus on results. So the second part, whether or not Fairfield establishes that gross negligence claims are covered, is irrelevant to our discussion, because our discussion does not involve gross negligence. It involves conduct that is a step, I would say, higher than gross negligence and falls into the intentional tort arena. There are plenty of Delgado cases that say negligence is not enough. Do you know of any that says gross negligence? Yes, Your Honor. And unfortunately, perplexingly, it's not cited in our brief. Okay. Dominguez v. Perovich Properties, which is at 111 P. 3rd, 721. I may have misstated. Dominguez may not be the one that says that. May v. DCP Midstream LP, which is at 241 P. 3rd, 193, specifically says, and that's a New Mexico Court of Appeals case in 2010. Under these facts, there is little doubt that defendants were negligent, perhaps even grossly negligent. However, negligence is not enough. And generally, in New Mexico, for Delgado, as in Texas, for intentional injury exception to the workers' comp, cases consistently say the absence of safety measures is not enough to constitute, just generally, that create a dangerous condition, is not enough to take it into the intentional level. And the Dominguez case, which I gave you the cite earlier, said basically they dictated what the court described as the employer's appalling disregard for safety requirements. An employer's appalling disregard for safety requirements designed to help prevent injury and death on the job does not equate to an employer, and here I'm quoting, specifically and willfully causing the worker to enter harm's way, facing virtually certain serious injury or death, as contemplated under Delgado. The New Mexico courts consistently say, we're not talking about negligence. We're talking about an intentional tort, an objective expectation that the conduct will result in not injury generally, but the specific injury. And that's what somehow gets lost and several times gets lost in Dixie's brief when Dixie compares the gross negligence first prong and the intentional and the Delgado first prong. They leave out, Dixie leaves out the word the, the injury. It's not that you've created generally unsafe conditions in your workplace which may rise to the level of gross negligence. It's your expectation of the specific injury. And Texas has said, just as New Mexico has said, that's what we look at in determining whether a conduct is negligent or even grossly negligent or intentional. We look at the effect. What's your objective expectation of the effect? And that's in the Reed, the Texas Supreme Court in Reed v. Copeland. And that's cited in our brief. It says the fundamental difference between negligent injury or even grossly negligent injury and intentional injury is the specific intent to inflict injury. We hold that the intentional failure to furnish a safe place to work does not rise to the level of intentional injury except when the employer believes his conduct is substantially certain to cause the injury. So again, what we have in Dixie, the only way Dixie can ever be liable outside for workers' compensation benefits in New Mexico is under this Delgado claim. New Mexico has a narrower exclusivity exception to its workers' comp claim than Texas does. Texas accepts intentional injury and gross negligence that results in death. New Mexico doesn't do that. So in order to get to this intentional injury exception, you've taken yourself out of the definition of accident in Texas where we look at the effects of intentional acts. I mean, essentially, there's voluntary acts that result in effects that are undesigned, unforeseen, or unexpected. That's the definition of accident in Texas. And sort of one of the major cases on that, the mid-century v. Lindsey case, the toddler getting into a truck with a gun rack, which I think of as sort of an emblematic Texas case. Basically, nobody thought that there was any sort of subjective expectation that that was an accident. Nobody could objectively expect a toddler trying to get into a truck that had a gun rack was going to result in somebody in the next car over getting shot. In the settlement context, what facts do we look at to be certain that there was intentionality as opposed to some equivalent, you know, Supervisor Barra, like the kid, having no intentionality? In the, I'm sorry, in the what context? In this type of context where you have a settlement. Correct. Well, and in this context, I think the fact, you have to look at the fact that the only way Dixie could ever be liable is under Delgado. So in order for liability to attach, you have to have facts that establish this level of intentionality. Dixie made a fact concession. Yes, they did, Your Honor. Very considerable facts, but that's basically why I was asking him the question about, they conceded that the undisputed evidence supports the finding that Jack Barra's willful conduct resulted in Hilburn's death. That was the last line of the concession, but there's several other sentences before that that beef that out, so. That is correct, and I think that is, I think it's as we've said in our brief that that's dispositive here. The way that Delgado claims work is there is sort of an initial motion to dismiss type proceeding where the court decides, you know, is this sufficient? Does it rise to the level to even proceed? This case had already passed that level, which is why, you know, obviously you have these sorts of serious settlement discussions, and because there had been this at least preliminary determination that the allegations were going to satisfy the Delgado standard. So your position, when they assert in their brief and then reiterate in their reply brief that Texas law contemplates accidents that can include intentional acts, there is, that's repeatedly said in their brief, accidental injuries that is the result of an intentional act. Is there any case that you know of in Texas that supports that proposition? No, Your Honor, not. I mean, certainly there's, and some, I will say that some carriers have wanted to say any sort of voluntary act. You intentionally, you know, drove your car, therefore it can never be an accident, and the courts have said no, that's sort of a specious reading. You're going to have voluntary acts, but if the effect of your act is undesigned, unforeseen, unexpected, then you have an accident. And the Lamar Holmes case basically said, Texas cases have consistently said the labels attached to the causes of action don't matter, you have to look at the facts alleged, and the Lamar Holmes case said that means even sometimes a cause of action like breach of contract may satisfy the accident requirement because someone can choose to do something that they still don't expect the result. So, the fact that there may be fact patterns, and I think, I think a fair reading of Fairfield is that yes, the Texas Supreme Court, by assuming that gross negligence was potentially, I think they said not necessarily precluded, that there may be fact patterns that satisfy gross negligence that also satisfy the accident standard. Because what you're looking at is this idea that you've got a heightened degree of risk. You've got, you've ignored safety measures at your, at your work site, for example. But if you don't satisfy that objective expectation of the injury, once you get to that objective expectation of the injury, the conduct was reasonably expected to result in Mr. Hilburn's death. Once you get to that, you're into intentional conduct, and those are not covered under the policy. Dixie has suggested that that means that somehow the coverage of the policy is illusory. But again, there is certainly coverage under this policy. There's simply not coverage for intentional acts. Around the country, courts have generally frowned upon coverage for intentional torts under insurance policies. And in the Padilla case that's cited in our brief, the New Mexico, I believe it was a court of appeals, recognized one of the employers complaining about the retroactive application of Delgado said, but we're not going to be able to get insurance coverage. And the court essentially said, you would never be able to get insurance coverage for this intentional act, and we don't want you to. That's a public policy issue that's generally consistent. So the fact that there's not coverage under a particular state statute doesn't mean that the coverage of the policy is illusory. And similarly, the fact that the definition of accident doesn't cover intentional conduct doesn't make that word ambiguous. Texas courts have consistently defined accident in the statute. The employer's liability policy requires bodily injury by accident. The New Mexico workers' comp exclusivity exception requires an objective expectation, not of generally dangerous conditions, but of the specific injury suffered by the claimant, which is what we have here. Unless we distort the policy language, there's no coverage here, and Liberty did not have a duty to indemnify. Unless there are further questions, I will yield back my time. All right. Thank you very much. We have your argument. Back to you, Mr. Martinson. Thank you, Your Honor. First of all, I'd like to address this comment about the concession. If one reads the memorandum that was created by the district court, after which he acknowledges what he calls the concession, what the court's calling a concession, here's what he says. The underlying evidence, as summarized by Dixie, shows Dixie's conduct was reasonably expected to kill Hilburn and, as such, was non-accidental under Delgado. But what the court described as the first element of the Delgado test, which is also the first element of the gross negligence standard in Texas, that is, an objective measurement of the intent of the actor that resulted in the death of the employee. And so there's nothing magic about that concession. We acknowledge that there's evidence in the underlying lawsuit, and Judge Higginson, that's where we think you would look. If you want to see what the facts are, you would look at the exhaustive record that we've produced of the discovery and things went on in the underlying lawsuit. But all that the court did after noting that the Delgado test, which is the equivalent of the first element of gross negligence, was established as uncontroverted under the record that was produced in that underlying lawsuit. The second point I'd like to make is that, with regard to New Mexico, they had an exception to the exclusivity rule for intentional conduct. It was called the actual intent to harm. So it was creating a new cause of action and did create a new cause of action. And whether it characterizes that new cause of action as non-accidental or not is of no moment in this particular case, because we're going to go with the definition of accident as it exists in the state of Texas, and then we're going to apply it to the elements of the cause of action that the Supreme Court of New Mexico set out in Delgado. And that then brings me back to Fairfield. Fairfield specifically said that the employer's liability coverage exists to cover statutory gross negligence in Texas. So when it says that, it immediately distinguishes the definition of accident in our case from the definition of accident that you'll find for most other policies, because most other policies are the result of arm's-length negotiations. That employer's liability coverage and workers' compensation statute—I mean, workers' compensation coverage—was created by the legislature and put into effect by the Texas Department of Insurance, including the creation of the policy forms that Liberty had to use. And so there was a conscious legislative regulatory decision made that accident in this policy was going to be broad enough to include gross negligence. If it's broad enough to include gross negligence, it's broad enough to include the Delgado standard in our estimation, which clearly in New Mexico is a lesser standard than intentional misconduct. And then if you try to attribute to the word accident and the employer's liability coverage that it somehow is narrower than I've suggested and it doesn't cover gross negligence, then in fact that coverage is illusory. There are only two exceptions to the exclusivity rule in Texas. One is intentional misconduct and the other is gross negligence. And so if there is an intentional act exclusion in the policy—so we know that's not there, but there's no coverage for intentional acts—that only leaves one purpose for that employer's liability coverage to exist, and that is to cover grossly negligent conduct. And if it doesn't do that, then that employer's liability coverage affords no coverage, nothing, to the insured and is illusory for that reason. And if that's not the case, and I think that the word accident is used in that specific policy, a creature of legislation and regulatory rules, is ambiguous. Because if you read the history of how that policy came to be and you read the full context, the four corners of the policy, accident has to mean something more than what it means under general liability policies and automobile policies and all these other negotiated at-length policies because the legislature and the Texas Department of Insurance says it must cover the exceptions to the Comp Act, which is gross negligence. And so for all these reasons, because of the way New Mexico treats the cause of action as a lesser standard than intentional conduct, because Fairfield clearly states that gross negligence is insured under the employer's liability policy despite the presence of the word accident in that policy, and because otherwise the policy would be illusory or accident-ambiguous. For all those reasons, we believe that the trial court erred and that summary judgment should have been granted for Dixie and denied for Lippert. Thank you. Thank you, sir. Thank you, both counsel, for your briefing and argument. The case will be submitted. We call up the final case for argument today, Owens v. Stalder.